UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Janetta, et al.,

    Plaintiffs,

v.

Minnesota Department of Human Services, et al.,

    Defendants.

Case No. 19-cv-2622 (ECT/TNL)

**ORDER**

Plaintiffs have filed suit against the Minnesota Department of Human Services and several employees of the Minnesota Sex Offender Program ("MSOP"). Dispositive motion practice has reduced the complaint to claims for prospective injunctive relief against the individual Defendants in their official capacities for violation of Plaintiffs' First and Fourth Amendment rights, insofar as those claims relate to MSOP Policy 420-5230. (ECF No. 30).

Plaintiffs have now filed three additional motions. In the first, Plaintiffs seek funds from the Court so that they may retain a court reporter in order to conduct depositions in this matter. (ECF No. 35). In the second, Plaintiffs ask that the Court refer their case to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association so that they may attempt to obtain counsel. (ECF No. 36). And in the third, Plaintiffs ask the Court to extend by one month the deadlines to move for leave to amend their complaint and to complete discovery so that they may continue to search for counsel and because restrictions in the MSOP facility resulting from the COVID-19 pandemic have made it difficult for them to accomplish tasks in this litigation. (ECF No. 39). Defendants do not oppose the extensions

1

requested by Plaintiffs but ask the Court to extend the other deadlines in the pretrial scheduling order by month if the Court extends the deadlines to move for leave to amend and to complete discovery. Defendants take no position on the other two motions.

The Court will deny the first motion. While the Court has granted Plaintiffs permission to proceed *in forma pauperis* ("IFP"), nothing in the IFP statute requires the Court to pay a party's discovery costs. *Mays v. Sherburne County Jail, et al.*, No. 20-cv-506, 2020 WL 4218806, at *4 (D. Minn. July 23, 2020) (citing 28 U.S.C. § 1915(d)). Plaintiffs have other options available to them for discovery in this matter, including, if appropriate, deposition by written questions. *See* Fed. R. Civ. P. 31. The Court will therefore deny the motion for funding of depositions.

The Court will deny Plaintiffs' second motion as well. There is "no constitutional or statutory right to appointed counsel" in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Instead, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

The Court recognizes that Plaintiffs are seeking a referral to the Pro Se Project rather than appointment of counsel but finds the above factors informative in determining whether such a referral should be made. Plaintiff have not demonstrated —or even claimed—an inability to investigate the underlying facts or present their claims. Instead, they seek a referral to the Pro Se Project on the grounds that Plaintiff Kenneth Daywitt is the only plaintiff with the requisite experience and understanding of the law to pursue this case.

Together, however, Plaintiffs have filed several documents and thus have collectively demonstrated their ability to articulate their position to the Court and a basic understanding of legal procedure. In addition, the Plaintiffs other than Daywitt have also filed other lawsuits pro se with this Court over the years.[1] Further, Plaintiffs' complaint includes detailed factual allegations and refers to specific state and federal statutes, state and federal constitutional provisions, the Federal Rules of Civil Procedure, and case law. In short, Plaintiffs have demonstrated they are capable of litigating this matter without the assistance of counsel.

Accordingly, the Court concludes that a referral to the Pro Se Project is not warranted at this time, and Plaintiffs' motion is denied without prejudice. The Court appreciates that Plaintiffs' civil commitment presents certain challenges to self-representation. The Court will direct the Clerk of Court to provide Plaintiffs with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiffs who are

---

[1] *See, e.g.*, *Janetta, et al. v. Smith, et al.*, No. 19-cv-1035 (PAM/HB); *Hogy v. Ludeman, et al.*, No. 16-cv-2092 (JRT/LIB).

representing themselves. Furthermore, should this matter proceed to trial, Plaintiffs may renew their request for appointment of counsel at that time. *See Trotter*, 636 F. App'x at 373.

Finally, the Court will grant the motion to extend the deadlines in the pretrial scheduling order. Under Federal Rule of Civil Procedure 16(b)(4), the Court may modify a pretrial scheduling order only for good cause. Though the Court has denied Plaintiffs' motion to be referred to the Pro Se Project, the challenges that the COVID-19 pandemic poses, particularly in light of Plaintiffs' civil commitment, provide good cause to amend the pretrial scheduling order. The Court will extend all deadlines in the pretrial scheduling order by one month.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Funding of Depositions (ECF No. 35) is **DENIED**.

2. Plaintiffs' Motion for Recommendation to the Pro Se Project (ECF No. 36) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiffs' motion to amend the pretrial scheduling order (ECF No. 39) is **GRANTED**. An amended pretrial scheduling order shall issue following the filing of this Order.

[continued on next page]

4. The Clerk of Court shall provide Plaintiffs with a copy of the Court's Pro Se Civil Guidebook.

Date: August 11, 2020                                   *s/ Tony N. Leung*
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                 *Janetta, et al. v. Minnesota Department of Human Services, et al.*

                                                                 Case No. 19-cv-2622 (ECT/TNL)