UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Jannetta, et al., | Case No. 19-cv-2622 (ECT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, et al., | |
| Defendants. | |

---

Steven Hogy, Merlin Adolphson, and Kenneth Daywitt, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiffs)[1]; and

Aaron Winter and Molly Beckius, Assistant Attorneys General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1400, St. Paul, MN 55191 (for Non-Doe Defendants).

---

This matter is before the Court, Magistrate Judge Tony N. Leung, on "Plaintiff's Motion to Court Ordering Settlement Conference" (ECF No. 71). Plaintiffs seek a Court-ordered settlement conference before the undersigned "in accordance with Local Rules [sic] 16.5(b)." (*Id.* at 1.) Defendants responded that they are "currently evaluating whether to engage in settlement discussions with Plaintiffs, and believe that informal settlement discussions directly between the parties would be adequate if so." (ECF No. 72 at 1.)

Local Rule 16.5(b), the rule which Plaintiffs rely on as the legal basis for a Court-ordered settlement conference, states, "Before trial – **except in a proceeding listed in Fed.**

---

[1] Plaintiffs Hogy, Adolphson, and Daywitt informed the Court via a letter filed January 13, 2021, that the remaining Plaintiff, David Jannetta, passed away on January 1, 2021. (ECF No. 64.) Plaintiffs Hogy, Adolphson, and Daywitt continue with this suit. (*Id.*)

1

**R. Civ. P. 26(a)(1)(B)** . . . the court must schedule a mediated settlement conference before a magistrate judge." D. Minn. LR 16.5(b) (emphasis added). The exceptions listed in the cited Rule of Federal Procedure include "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Further, Defendants are currently hesitant to engage in formal settlement discussions. Because there is no legal requirement that the Court hold a settlement conference, and because the Court believes that one would not be productive at this time, the Court will deny this motion.

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Motion to Court Ordering Settlement Conference" (ECF No. 71) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April __20__, 2021

                      *s/Tony N. Leung*
                      Tony N. Leung
                      United States Magistrate Judge
                      District of Minnesota

                      *Jannetta, et al. v. Minnesota Dep't of Human Servs., et al.*
                      Case No. 19-cv-2622 (ECT/TNL)